Pennsylvania Railway Co. v. Joseph D. Meyers.

1. Joint Liability of Railroad Companies.

   The delivery of a defective car by one railroad to another, in consequence of which an employee of the latter company is injured, makes both companies liable to such employee.

2. Prima Facie Evidence of Negligence.

   Proof, under 87 O. L., 149, of such defect is *prima facie* evidence of the negligence of the railroad company.

Petition in Error, to reverse the judgment of the Court of Common Pleas.

Plaintiff below, an employee of L. S. & M. S. Ry. Co., was injured by the giving way of a handhold on a car in company's yard at Toledo, which car had come into its possession from the Pennsylvania Co., at Erie, Pa. Suit was brought jointly against both companies and a joint judgment rendered against them.

The car belonged to the Pennsylvania Co., and was inspected by the servants of said company when delivered at Erie, Pa., to the Lake Shore Co., and by the Lake Shore Co.'s inspector also inspected when received, and was also again inspected by the Lake Shore Co.'s inspector at West Detroit, where the car was received from the Michigan Central Ry. Co., to whom it had been delivered by the Lake Shore Co., under the consignment made by the Pennsylvania Co. The Pennsylvania Company claimed that if there was any liability to the plaintiff below, the liability was that of the Lake Shore Co., only, who had sole possession and care of the car at the time of the injury received by plaintiff below. This court holds that the Pennsylvania Co. is rightfully held liable by reason of the condition of the car at the time it was loaded and sent out upon its journey by the Pennsylvania Co. No evidence having been given to show that that company had ever overhauled or examined said car to ascertain its condition or fitness for use prior to its arrival at Erie, Pa. Testimony showing that the car had been built some sixteen years and had been in use by the Pennsylvania Co. for thirteen years; the evidence further showing that the woodwork about the handhold which had given way was in a very decayed and defective condition so that it would not hold the screws, and evidence of such decay was visible, and that the screws securing the handhold were only long enough to go through the outer roof board, which was of softer wood and cracked and decayed with long exposure to the weather.

In regard to the Lake Shore Company it claims that it had the car inspected when it received the same at Erie, Pa., and again at Detroit, Mich., and that it had fully performed its duty in that regard and had no knowledge of the defective condition of the car and that its inspectors had not been guilty of negligence in inspecting the car. That under the rules of law laid down by the Supreme Court in the case of *Railroad Co.* v. *Fitzpatrick*, 42 O. S., 318, it is not liable to its employee, plaintiff below, and that if there was any negligence it was the negligence of a co-employee to wit: the inspector. On the other hand counsel for the defendant in error relies upon the act of the general assembly of Ohio, 1890 (87 O. L., 149, sec.2), which section provides, among other things, that when an employee of the railroad company operating a car in Ohio is injured by a defective attachment upon a car, such corporation shall be deemed to have knowledge of such defect before and at the time such injury was so sustained, and when the fact of such defect shall be made to appear in the trial of any case in the courts of this state, brought by such employee on account of such injuries so received, the same shall be *prima facie* evidence of negligence on the part of such corporation. *Held*, that the true construction of said statute is that said fact of defect being proved, it shall be *prima facie* evidence of knowledge of such defect and negligence on the part of the corporation, but the corporation may rebut such *prima facie* evidence by showing that it had no such knowledge and was not guilty of negligence, and in support of such claim on its part, it may show that by careful and vigilant inspection of the car in question by competent inspectors when it received said car, no such defect had been discovered. Held further, under the facts of this case that the jury were warranted in finding that sufficient inspection and examination had not been made by the defendant corporation to rebut the *prima facie* evidence of knowledge and negligence imputed to it by the statute in question.

Claim is made that the damages awarded by the jury are excessive. Upon careful review of the testimony this court holds that there is nothing in the same to show that the jury were actuated by passion or prejudice in assessing damages. Judgment is therefore affirmed.

*E. W. Tollerton* and *E. D. Potter, Jr.*, for plaintiffs in error.

*Scribner & Hurd*, for defendant in error.